1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 EASTERN DISTRICT OF CALIFORNIA

9

10 | HENRY E. HARRIS,

11 |          Plaintiff,

12 |     v.

13 | JUAN CALZETTA, et al.,

14 |          Defendants.

15

Case No. 1:13-cv-01088-MJS (PC)

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

**(ECF No. 6)**

16

17     Plaintiff Henry E. Harris is a state prisoner proceeding pro se and in forma pauperis

18 in this 42 U.S.C. § 1983 civil rights action filed on July 16, 2013 pursuant to 42 U.S.C. §

19 1983. The complaint has not yet been screened.

20     Pending before the Court is Plaintiff's motion (ECF No. 6) seeking appointment of

21 counsel. Plaintiff contends that he cannot afford counsel and has been unable to retain

22 counsel, and that his ability to litigate this matter is limited by his incarceration, limited

23 knowledge of the law and law library access, complexity of issues presented, potentially

24 conflicting evidence, and dialysis treatments.

25     Plaintiff does not have a constitutional right to appointed counsel in this action, Rand

26 v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154

27 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent

28 Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the

1

1   Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances

2   the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).

3   Rand, 113 F.3d at 1525. However, without a reasonable method of securing and

4   compensating counsel, the Court will seek volunteer counsel only in the most serious and

5   exceptional cases. In determining whether "exceptional circumstances exist, the district

6   court must evaluate both the likelihood of success of the merits [and] the ability of the

7   [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues

8   involved." Id. Neither of these factors is dispositive and both must be viewed together

9   before reaching a decision on request of counsel under section 1915(d)." Wilborn v.

10   Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th

11   Cir. 2009).

12        The burden of demonstrating exceptional circumstances is on the Plaintiff. See

13   Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional

14   circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x

15   830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v.

16   Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x

17   601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to

18   appoint counsel under 28 U.S.C. § 1915(e)(1).").

19        In the present case, the Court does not find the required exceptional circumstances.

20   The Court cannot make a determination at this early stage of the litigation that Plaintiff is

21   likely to succeed on the merits. The alleged Eighth and Fourteenth Amendment claims do

22   not appear to be novel or unduly complex. The facts alleged to date appear straightforward

23   and unlikely to involve any extensive investigation and discovery.

24        Even if it is assumed that Plaintiff is not well versed in the law and that he has made

25   serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

26   This Court is faced with similar cases almost daily.

27        The papers filed by Plaintiff in this case reflect an appreciation of the legal issues

28   and standards and an ability to express same adequately in writing. The Court does not

2

1  find that at present, even if Plaintiff receives dialysis treatments as referenced in his motion,

2  he cannot adequately articulate his claims pro se.

3         Finally, it is not clear Plaintiff has exhausted diligent efforts to secure counsel based

4  upon his attempts to date.[1]

5         For the foregoing reasons, Plaintiff's motion for appointment of counsel (ECF No. 6)

6  is HEREBY DENIED, without prejudice.

7

8

9

10

11

12

13

IT IS SO ORDERED.

14

15     Dated:    August 14, 2013             /s/ *Michael J. Seng*

16                                        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28
_____

[1]  See e.g., Thornton v. Schwarzenegger, 2011 WL 90320, *3–4 (S.D.Cal. 2011) (cases cited).