1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HENRY EUGENE HARRIS,

Plaintiff,

v.

DR. JUAN CALZETTA, et al.,

Defendants.

CASE NO. 1:13-cv-01088-MJS

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

(ECF No. 37)

On May 26, 2015, Plaintiff filed his fourth motion seeking the appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

1
2
3
4

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

5
6
7
8
9

Plaintiff's four motions contend in essence that he is in need of counsel in this case because: 1) of his disability and medical issues, 2) of his limited ability to litigate due to his incarceration, 3) of his limited access to the law library, 4) of the complex nature of the case and potentially conflicting evidence, and 5) he cannot afford, and has been unable to retain, counsel.

10
11
12
13
14
15
16
17
18
19

The Court has advised Plaintiff in each of its previous orders in response to these motions that such reasons do not support a finding of exceptional circumstances.  Even though Plaintiff has made serious allegations which, if proved, could entitle him to relief, there is no basis yet for the Court to believe he is likely to succeed on the merits.  Further, while Plaintiff may not be well versed in the law, his case is not exceptional.  This Court currently has approximately 1000 such cases, and the overwhelming majority of them – indeed, all but a very few – are being pursued by non-lawyer inmates who proceed without counsel.  Moreover, proceedings to date demonstrate that Plaintiff is capable of adequately articulating his claims.  Thus, his motion will once again be denied.

20
21
22
23
24
25
26
27

Moreover, **Plaintiff is to cease filing such redundant motions.**  Given the duplicative nature of them and the Court's enormous caseload, the Court **will not** entertain another motion for appointment of counsel unless it contains new, unique and compelling reasons for revisiting the issue.  Another repetitive  motion for appointment of counsel likely will result in **sanctions** being imposed on Plaintiff, to include monetary sanctions, sanctions striking all or part of his claims, or the like.  *See Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (holding that in exercising its power to control its own docket, the Court may impose sanctions).

28

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   June 1, 2015                              /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

3