UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY EUGENE HARRIS,<br><br>         Plaintiff,<br><br>   v.<br><br>DR. JUAN CALZETTA, et al.,<br><br>         Defendants. | CASE NO. 1: 13-cv-001088-MJS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL WITHOUT PREJUDICE<br><br>(ECF No. 40.) |

**I.   PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 4.)  The action proceeds on an Eighth Amendment medical indifference claim against Defendant Calzetta. (ECF No. 27.)

Before the Court is Plaintiff's June 19, 2015 motion to compel (ECF No. 40.). Defendant Calzetta has not filed a response and the time to do so has passed.  The motion is deemed submitted.  Local Rule 230(l).

**II.   MOTION TO COMPEL**

**A.   Legal Standard**

The discovery process is subject to the overriding limitation of good faith. *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981).  Parties may obtain

discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *E.g.*, *Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Mitchell v. Felker*, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Grabek*, 2012 WL 113799, at *1; *Womack v. Virga*, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

Courts in the Eastern District of California have required, "at a minimum, [that] the moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." *Walker v. Karelas*, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009); *Brooks v. Alameida*, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance [of discovery], the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

All grounds for objection must be stated "with specificity." *See Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 356 (D.Md. 2008) (boiler-plate objections waived any legitimate objections responding party may have had).

The responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

### B. Plaintiff's Motion

Plaintiff moves to compel Defendant to produce various documents and records. Plaintiff's motion sets out the documents he is requesting, but he provides no report of Defendant's responses or objections.

### C. Discussion

Plaintiff's motion to compel is incomplete and, as such, inadequate. It is not clear whether Plaintiff actually served on Defendant a request to produce this information before filing this motion, if so, how Defendant responded, or, in any event, why Plaintiff believes the requested information is discoverable. The Court obviously cannot evaluate the propriety of a discovery request or response to it when neither are provided to the Court for its review.

## III. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion to compel (ECF No. 40) is HEREBY DENIED without prejudice. Plaintiff may renew his requests prior to the expiration of the discovery deadline by providing a complete copy of the discovery requests and responses, and explaining the manner in which the responses are believed to be inadequate.

IT IS SO ORDERED.

Dated:   August 21, 2015                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE