UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY EUGENE HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. JUAN CALZETTA, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-001088-MJS (PC)<br><br>ORDER PROVIDING DEFENDANT CALZETTA WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE<br><br>(ECF No. 42)<br><br>THIRTY (30) DAY DEADLINE |

　　　　On March 10, 2015, the Court ordered the United States Marshal to serve process upon Defendant Calzetta in this case.  The Marshal was directed to attempt to secure a waiver of service before attempting personal service on Defendant.  If a waiver of service was not returned by the Defendant within sixty days, the Marshal was directed to effect personal service on the Defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

　　　　On August 27, 2015, the United States Marshal filed a return of service with a USM-285 form showing charges of $107 for effecting personal service on Defendant Calzetta. The form shows that a waiver of service form was mailed on March 13, 2015.  Apparently, no response was received and the summons was assigned for personal service on August 4, 2015.

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service . . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant Calzetta was given the opportunity required by Rule 4(d)(1) to waive service, but failed to comply with the request. The Court shall provide Defendant with the opportunity to show good cause for failing to waive service. If Defendant either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed on Defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Calzetta may, within thirty (30) days from the date of this order, show good cause for failing to waive service; and
2. If Defendant either fails to respond to this order or responds but fails to show good cause, the Court shall impose upon Defendant Calzetta the costs incurred in effecting service.

IT IS SO ORDERED.

Dated:   August 31, 2015           /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE