UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY EUGENE HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. JUAN CALZETTA, et al.,<br><br>        Defendants. | Case No. 1:13-cv-01088-MJS (PC)<br><br>ORDER DENYING REIMBURSEMENT OF COSTS OF SERVING DEFENDANT CALZETTA<br><br>(ECF No. 43) |

**I.    BACKGROUND**

On March 10, 2015, the Court ordered the United States Marshals Service ("Marshal") to serve process upon the Defendant in this case. (ECF No. 28.) The Marshal was directed to attempt to secure a waiver of service before attempting personal service. If Defendant did not return a waiver of service within sixty days, the Marshal was to effect personal service in accordance with Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and then file the return of service with evidence of attempts to secure a waiver and evidence of costs incurred in effecting personal service.

On or about March 13, 2015, the Marshal sought a waiver of service. Defendant had 60 days thereafter to return the waiver form. The waiver form was not returned within that time, and so the Marshall undertook personal service on Defendant Calzetta and actually served him on August 20, 2015. On August 27, 2015, the Marshal filed a return of personal service. (ECF No. 42.)

On that same date, the Marshal filed a request for reimbursement of costs for

serving Defendant Calzetta along with an executed return of summons and USM-285 form showing personal service costs of $107.  (ECF Nos. 42 & 43.)

Counsel for Defendant Calzetta argues that she was not made aware of the waiver of service form and believed that filing an answer obviated the need for service.  Defendant Calzetta asks that the order to show cause be discharged.  (ECF No. 45.)

## II. DISCUSSION

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons."  Fed. R. Civ. P. 4(d)(1).  "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service . . . ."  Fed. R. Civ. P. 4(d)(2)(A).

Although Defendant did not return the waiver form within the 60 days provided, he did, through counsel, actually appear in the action on April 17, 2015, within 60 days of receipt of the request for waiver, and he filed an Answer on May 18, 2015, several months prior to the Marshal attempting personal service.  Defendant has presented good cause for waiving the costs of service.  Defendant was reasonable in his belief that his appearance obviated the need for service as well as the need for a return of the waiver form.  Accordingly, the order to show cause is withdrawn and the fees of service waived.

## III. ORDER

For the reasons stated, IT IS HEREBY ORDERED that reimbursement of the $107 in costs incurred in serving Defendant Calzetta (ECF No. 43.) is DENIED.

IT IS SO ORDERED.

Dated:   September 30, 2015          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE