Case 1:13-cv-01088-MJS    Document 53   Filed 11/16/15   Page 1 of 4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY E. HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>JUAN CALZETTA, et al.,<br><br>Defendants. | Case No. 1:13-cv-01088-MJS (PC)<br><br>ORDER (1) DENYING PLAINTIFF'S MOTIONS FOR SUBPOENAS (ECF Nos. 49 & 51.); (2) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF No. 47.); AND (3) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 50.) |

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1 & 4.)  This matter proceeds on an Eighth Amendment medical indifference claim against Defendant Calzetta.

Before the Court are Plaintiff's motion for an extension of time (ECF No. 47.), his motions for subpoenas (ECF Nos. 49 & 51.), and his motion for appointment of counsel (ECF No. 50.).

## II. MOTION FOR SUBPOENAS

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding a nonparty to produce documents or electronically stored information relevant to his claim.  Fed. R. Civ. P. 34(c), 45.  However, the Court will consider granting such a request only if the documents or electronically stored information sought are not equally

1

available to Plaintiff and not obtainable from Defendant through a request for the production.  *See* Fed. R. Civ. P. 34, 45.  If Defendant objects to Plaintiff's request to discover the documents from Defendant, Plainitff must file a motion to compel.  Fed. R. Civ. P. 37(a).  If the Court rules that the information is discoverable but Defendant does not have care, custody, or control of it, Plaintiff may seek issuance of a subpoena directed to a nonparty.  *See* Fed. R. Civ. P. 34, 45.  Alternatively, if the Court rules that the information is not discoverable, the inquiry ends.  The Court will not issue a subpoena to a nonparty without Plaintiff first following the above procedures.

Here, Plaintiff seeks subpoenas to non-party physicians, but he has not complied with the above procedures, identified the documents or information he seeks, or identified their relevancy.  Plaintiff's motions for subpoenas are therefore DENIED.

### III.     MOTION TO EXTEND THE DISCOVERY DEADLINE

Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its scheduling order for good cause.  The "good cause" standard focuses primarily on the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.* The Court has wide discretion to extend time, *Jenkins v. Commonwealth Land Title Ins. Co.,* 95 F.3d 791, 795 (9th Cir. 1996), provided a party demonstrates some justification for the issuance of the enlargement order.  Fed. R. Civ. P. 6(b)(1); *Ginett v. Fed. Express Corp.,* 166 F.3d 1213 at 5* (6th Cir. 1998).

The current discovery cut-off date is January 21, 2016.  (ECF No. 36.)  Plaintiff seeks an extension of time of 30 days because he is expected to have surgery in October or November 2015, he has been in and out of the hospital, and he has limited access to the law library.  Good cause having been presented to the Court, Plaintiff's motion for an extension of time is GRANTED.

2

**IV.  MOTION FOR APPOINTMENT OF COUNSEL**

This is Plaintiff's fifth motion for appointment of counsel.  (ECF Nos. 6, 11, 25, 37, 50.)  Plaintiff's previous four motions were denied.  (ECF Nos. 7, 12, 26, 38.)  The Court advised Plaintiff that if he continued to file duplicative motions he would be sanctioned and that the Court would entertain another such motion only if it contained new, unique, and compelling reasons for revisiting the issue.  Plaintiff's fifth motion for appointment of counsel is signed by a nurse and indicates that he has an ADA disability which prevents him from litigating his case beyond discovery and requires that he receive his case materials in large print.

While Plaintiff submits a form signed by a medical practitioner corroborating his need for special "large print", Plaintiff does not specify what "case materials" he wants in large print, what size print he seeks, and whether he has sought other reasonable accommodation at the prison (*e.g.,* magnifiers, having another individual read him documents), and, if he did, what response he received.  Plaintiff's motion will be DENIED without prejudice.  If Plaintiff chooses to file another motion seeking accommodation for his vision issues, he should address the above.

Plaintiff's previous motions for counsel all cited to Plaintiff's medical problems and related disability.  Plaintiff's current motion contains corroboration by a medical professional that he is restricted by his medical impairments and, in  the practitioner's opinion, Plaintiff needs assistance in litigating his case at least <u>beyond</u> discovery (which the Court is extending to February 22, 2016).  As the Court has previously noted, the proceedings to date demonstrate that Plaintiff is capable of adequately articulating his claims and prosecuting his case.  Therefore, Plaintiff's motion for appointment of counsel will once again be DENIED.  **<u>Plaintiff is advised that the Court will sanction him if he files another duplicative motion for appointment of counsel prior to the close of discovery</u>**.

**V.  ORDER**

Accordingly, it is HEREBY ORDERED that:

3

1. Plaintiff's motions for subpoenas are DENIED, without prejudice (ECF Nos. 49 & 51.);

2. Plaintiff's motion for an extension of time is GRANTED.  The discovery cut-off date is extended to February 22, 2016.  (ECF No. 47.); and

3. Plaintiff's motion for appointment of counsel is DENIED.  (ECF No. 50.)  Plaintiff's request for large print materials is denied without prejudice.  If Plaintiff chooses to file a new motion seeking accommodation for his poor vision he should address the following:  what "case materials" he needs in large print, what size font he seeks, and whether he has sought other reasonable accommodation at the prison (*e.g.,* a magnifier, having another individual read him the documents), and what response he received.  Plaintiff's request for appointment of counsel is denied.  **If Plaintiff files another duplicative motion for appointment of counsel prior to the close of discovery, he will be sanctioned**.

IT IS SO ORDERED.

Dated:   November 13, 2015           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE