UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY EUGENE HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. JUAN CALZETTA, et al.,<br><br>　　　　　Defendants. | CASE NO. 1: 13-cv-001088-MJS<br><br>**ORDER DENYING PLAINTIFFS' MOTION REQUESTING SETTLEMENT CONFERENCE AND MOTION FOR COURT-APPOINTED EXPERT WITNESS**<br><br>**(ECF Nos. 58, 59)** |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 4.) The action proceeds on an Eighth Amendment medical indifference claim against Defendant Calzetta. (ECF No. 27.)

　　　　Presently pending before the Court are two motions filed by Plaintiff on February 5, 2016: a motion requesting that a settlement conference be scheduled (ECF No. 58) and a motion for a court-appointed expert witness (ECF No. 59). Defendant opposes the request for a settlement conference, but has not responded to Plaintiff's second motion, and the time for filing an opposition has now expired. See E.D. Local Rule 230(*l*).

## I. MOTION FOR SETTLEMENT CONFERENCE

Plaintiff first asks the Court to schedule a settlement conference in order to attempt to resolve the issues pending in this case. (ECF No. 58.) Defendant has filed an opposition, asserting that such a conference will be futile as he has no intention of settling this case for any amount. In light of Defendant's opposition, Plaintiff's motion will be denied.

## II. MOTION FOR COURT APPOINTED EXPERT WITNESS

Plaintiff next asks the Court to appoint an expert witness to establish the required standard of care for a medical professional under the facts asserted in this case and to show that the Defendant deviated from it.

Pursuant to Federal Rule of Evidence 702, an expert witness may testify to help the trier of fact determine the evidence or a fact at issue. A court has full discretion to appoint an expert witness either by its own motion or by a party's motion. Fed. R. Evid. 706(a); McKinney v. Anderson, 924 F.2d 1500, 1510-11 (9th Cir. 1991), overruled on other grounds by Helling v. McKinney, 502 U.S. 903 (1991). Appointment of an expert witness may generally be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." Levi v. Dir. of Corr., 2006 WL 845733, 2006 U.S. Dist. LEXIS 18795, at *2 (E.D. Cal. 2006) (citing Leford v. Sullivan, 105 F.3d 354, 358 (7th Cir. 1997)). Here, it is unclear whether Plaintiff seeks appointment of an expert on his own behalf or appointment of a neutral expert pursuant to Federal Rule of Evidence 706. "Reasonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." Trimble v. City of Phoenix Police Dept., 2006 WL 778697, U.S. Dist. LEXIS 13061, at *6 (D. Ariz. 2006) (citation omitted). Accordingly, to the extent Plaintiff seeks appointment of an expert to help him present his case, this request is denied.

Plaintiff's request can also be reasonably construed as a request for appointment

of a neutral expert witness under Federal Rule of Evidence 706. Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion. Gorton v. Todd, 793 F. Supp. 2d. 1171, 1178 (E.D. Cal. 2011). Several factors guide the court's decision. First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding. Id. at 1179. The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Id. at 1182-84. Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case. Id. at 1181.

In the present case, Plaintiff claims that Defendant Dr. Juan Calzetta was deliberately indifferent to his medical needs when he improperly performed a fistula operation, causing serious damage, resultant pain and tremors, and loss of the full use of Plaintiff's left hand. In order to prevail on his Eighth Amendment claim, the Court must assess whether Defendant acted with deliberate indifference to Plaintiff's serious medical needs.

The Eighth Amendment's proscription against cruel and unusual punishment also encompasses the government's obligation to provide adequate medical care to those whom it is punishing by incarceration. See Estelle v. Gamble, 429 U.S. 97, 103 (1976). In order to establish a claim under the Eighth Amendment for inadequate medical care, a plaintiff must show that a specific defendant was deliberately indifferent to his serious medical needs. See Helling v. McKinney, 509 U.S. 25, 32 (1993); Estelle, 429 U.S. at 106. "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard –deliberate indifference." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

First, to meet the objective element of a deliberate indifference claim, "a prisoner

must demonstrate the existence of a serious medical need." Colwell, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the 'unnecessary and wanton infliction of pain.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 946 (2015) (internal quotation marks omitted).

Second, to meet the subjective element, a prisoner must "demonstrate that the prison official acted with deliberate indifference." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. See Estelle, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Toguchi, 391 F.3d at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. See Estelle, 429 U.S. at 105-07; Toguchi, 391 F.3d at 1059-60; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Accordingly, even "gross negligence" is insufficient to establish deliberate indifference. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Insofar as Plaintiff seeks the appointment of an expert to opine on the proper standard of care his request will be denied because it appears in fact to be an attempt to

4

secure assistance for Plaintiff in trying to establish a necessary element of his case. Furthermore, the deliberate indifference analysis is subjective; expert testimony is not necessary to determine if Defendant acted with deliberate indifference.

Accordingly, Plaintiff's request for the appointment of an expert witness will be denied.

### III.     **CONCLUSION**

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's February 5, 2016, motion for a settlement conference (ECF No. 58) is DENIED; and

2. Plaintiff's February 5, 2016, motion for a court-appointed expert witness (ECF No. 59) is also DENIED.

IT IS SO ORDERED.

Dated:    February 26, 2016            /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE