UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY EUGENE HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. JUAN CALZETTA, et al.,<br><br>　　　　Defendants. | CASE NO. 1: 13-cv-001088-MJS<br><br>**ORDER**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME,**<br><br>**(2) DENYING MOTION TO COMPEL DISCOVERY, AND**<br><br>**(3) MODIFYING DISCOVERY AND SCHEDULING ORDER**<br><br>**(ECF NOS. 61, 63)** |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on an Eighth Amendment medical indifference claim against Defendant Calzetta.  (ECF No. 27.) Pending before the Court is Plaintiffs' February 22, 2016, motion for extension of time to respond to interrogatories (ECF No. 61) and February 25, 2016, motion to compel discovery (ECF No. 63).

**I.　　MOTION FOR EXTENSION OF TIME TO RESPOND TO INTERROGATORIES**

　　　　On February 22, 2016, Plaintiff filed a motion for extension of time to respond to Defendant's interrogatories. Plaintiff seeks this extension due to his transfer to an

outside facility for medical care, rendering him unable to access his legal materials. Defendant does not oppose Plaintiff's motion. (ECF No. 62.) In light of Defendant's non-opposition and good cause appearing therefor, Plaintiff's motion will be granted.

## II.     MOTION TO COMPEL DISCOVERY

Also before the Court is Plaintiff's "motion to compel discovery." (ECF No. 63.) Although labeled a "motion," examination of this filing reveals that it is in fact Plaintiff's discovery requests (requests for production of documents and interrogatories), presumably yet to be propounded on Defendant.

Plaintiff is hereby informed that document requests and interrogatories shall not be filed with the Court unless and until there is a proceeding in which they are at issue", as they may be at trial or in connection with a dispute over the discovery or responses to it. E.D. Local Rules 250.2(c), 250.3(c). As there is no indication that these requests have been served on Defendant or that Defendant's responses are inadequate in any way, Plaintiff's motion to compel will be denied without prejudice.

## III.    REQUEST TO MODIFY THE SCHEDULING ORDER

Assuming that Plaintiff's motion for extension of time would be granted, Defendant asks the Court to extend the current discovery and dispositive motion deadlines by up to 60 days so that he may conduct any additional discovery and/or allow Defendant sufficient time to file a motion to compel, if necessary, based on Plaintiff's responses. The current deadlines are February 22, 2016, for conducting discovery (ECF No. 53) and March 31, 2016, for filing dispositive motions (ECF No. 36).

Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its scheduling order for good cause. The "good cause" standard focuses primarily on the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion,

the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. The Court has wide discretion to extend time, Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996), provided a party demonstrates some justification for the issuance of the enlargement order. Fed. R. Civ. P. 6(b)(1); Ginett v. Fed. Express Corp., 166 F.3d 1213, at *5 (6th Cir. 1998).

In light of Plaintiff's transfer to an outside facility for medical care, the Court finds that good cause exists to modify the scheduling order. The current deadlines will therefore be extended.

## IV.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's February 22, 2016, motion for extension of time (ECF No. 61) is GRANTED. Plaintiff shall serve his responses to Defendant's discovery requests on or before April 1, 2016;

2. Plaintiff's February 25, 2016, motion to compel (ECF No. 63) is DENIED without prejudice; and

3. The discovery deadline is extended to **April 22, 2016**, and the deadline for filing dispositive motions is extended to **May 31, 2016**.

IT IS SO ORDERED.

Dated:   March 15, 2016                     /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE