UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY EUGENE HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. JUAN CALZETTA, et al.,<br><br>　　　　Defendants. | CASE NO. 1: 13-cv-001088-MJS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PHYSICAL AND MENTAL EXAMINATIONS**<br><br>**(ECF NO. 67)** |

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The case proceeds on an Eighth Amendment medical indifference claim against Defendant Calzetta. (ECF No. 27.) Before the Court is Plaintiff's March 18, 2016, "Motion for Physical and Mental Examinations," which the Court construes as a motion for appointment of an expert witness. (ECF No. 67.) Defendant has not filed an opposition. E.D. Cal. Local Rule 230(l). For the reasons discussed below, this motion will be denied.

　　Plaintiff moves the Court pursuant to Federal Rule of Civil Procedure 35 for an order directing three non-party medical professionals to examine plaintiff "to verify the injury that the plaintiff suffered and the constant pain …, all of which are more than de minimis [sic]." Under Rule 35(a)(1), a court may order "a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination." To justify an examination under Rule 35, the moving party must demonstrate that the other party,

typically the plaintiff, has placed her mental condition "in controversy," and that there is "good cause" for the examination. Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). Plaintiff's reliance on Rule 35, however, is misplaced not only because he seeks an order directing non-parties to examine him, but also because he does not need an order to submit himself to an examination.

Plaintiff's motion is instead construed a motion to appoint an expert witness pursuant to Federal Rule of Evidence 702. Under that rule, an expert witness may testify to help the trier of fact determine the evidence or a fact at issue. A court has full discretion to appoint an expert witness either by its own motion or by a party's motion. Fed. R. Evid. 706(a); McKinney v. Anderson, 924 F.2d 1500, 1510-11 (9th Cir. 1991), overruled on other grounds by Helling v. McKinney, 502 U.S. 903 (1991). Appointment of an expert witness may generally be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." Levi v. Dir. of Corr., 2006 WL 845733, at *2 (E.D. Cal. 2006) (citing Leford v. Sullivan, 105 F.3d 354, 358 (7th Cir. 1997)). Plaintiff here seeks physical and mental examinations in order to prove that his injuries are more than de minimus. "Reasonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." Trimble v. City of Phoenix Police Dept., 2006 WL 778697, at *6 (D. Ariz. 2006) (citation omitted). Since Plaintiff intends to use the results of the examinations to help him present his case in chief, his request will be denied.

Additionally, attached to Plaintiff's motion is a document entitled "Notice of Motion to: Request for Admission," which includes a number of interrogatories directed to Defendant Calzetta. (See ECF No. 67 at 5-6.) Plaintiff is informed that his discovery requests need not be filed with the Court unless and until there is a proceeding in which the requests are at issue. See E.D. Local Rules 250.2(c), 250.4(c). As there is no indication that there is a dispute concerning Plaintiff's discovery requests, the Court will disregard this filing.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's March 18, 2016, "Motion for Physical and Mental Examinations" (ECF No. 67) is DENIED.

IT IS SO ORDERED.

Dated: April 12, 2016                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE