UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY EUGENE HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>DR. JUAN CALZETTA, et al.,<br><br>Defendants. | CASE NO. 1: 13-cv-001088-MJS<br><br>**ORDER DENYING PLAINTIFF'S**<br><br>**(1) MOTION TO COMPEL;**<br><br>**(2) MOTION OF ABUSE OF DISCRETION; AND**<br><br>**(3) MOTION FOR JUDGE TO HEAR CAUSE AND EFFECT WITH A LIBERAL VIEW.**<br><br>**(ECF NOS. 70, 72, 79)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on an Eighth Amendment medical indifference claim against Defendant Calzetta. This matter is before the undersigned pursuant to the consent of the parties.

Pending before the Court are three motions filed by Plaintiff: (1) a motion to compel with sanctions, filed April 7, 2016 (ECF No. 70); (2) a "motion of abuse of discretion and appeal/objections," filed April 7, 2016 (ECF No. 72); and (3) a "motion for

judge to hear cause and effect with a liberal view," filed April 22, 2016 (ECF No. 79). Defendant has not filed a response to any of these motions.

## I.     MOTION TO COMPEL WITH SANCTIONS

In the April 7, 2016, motion to compel with sanctions, Plaintiff moves for an order directing Defendant to respond to Plaintiff's requests for admission served March 15, 2016. Plaintiff claims that as of the date of filing this motion he had not received any response from Defendant.

Pursuant to Federal Rule of Civil Procedure 36, which governs requests for admission, a responding party has 30 days after being served to respond with an answer or objection. "A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 36(a)(3).

In the Court's May 25, 2015, Discovery and Scheduling Order ("DSO"), the parties were directed to respond to written discovery requests within forty-five days after the request is first served. (ECF No. 36 ¶ 2.)  The parties were informed that "[a]bsent good cause, discovery motions will not be considered if filed after the discovery deadline. Therefore, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel." (Id. ¶ 7.) On March 15, 2016, the discovery deadline was continued to April 22, 2016. (ECF No. 66.)

Here, Plaintiff's discovery requests were served on Defendant on March 15, 2016. Plaintiff's motion was filed only 23 days later, much earlier than the forty-five day response deadline ordered by the DSO. As Plaintiff has not represented that a shorter period of time for responding was stipulated to between the parties, it appears that the motion to compel was filed prematurely.

Accordingly, Plaintiff's motion to compel will be denied.

## II.  MOTIONS REGARDING ABUSE OF DISCRETION

In his April 7, 2016, and April 22, 2016, filings, Plaintiff contends that the Court has abused its discretion when denying multiple motions filed by Plaintiff.

To the extent Plaintiff moves to disqualify the undersigned for impartiality, these motions will be denied. A magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall also disqualify himself for reasons of bias or prejudice, financial interest, or a prior relationship to the case." Id. at § 455(b). In determining whether disqualification is proper, courts apply an objective test: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. U.S. Dist. Ct. for Central Dist. of California, 428 F.3d 1175, 1178 (9th Cir. 2005) (citations omitted). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" Id. (citations omitted). Further, the grounds for disqualification must arise from "extrajudicial" factors, namely, factors not related to the judicial proceeding at hand. Id.

Plaintiff's claim of partiality arises from the undersigned's denial of motions filed by him. This amounts to no more than a disagreement with the Court's rulings. Thus, Plaintiff's argument does not arise from the "extrajudicial" factors required to warrant a disqualification. Further, to the extent Plaintiff disagrees with the Court's rulings, his avenue of redress is via an appeal, not a motion to disqualify. The Court therefore finds that, viewing the facts of this case, a reasonable person would not conclude that the undersigned's impartiality should be questioned.

Plaintiff's motions could be construed as a request to revoke his consent to the undersigned.[1] Although a party to a civil case in a federal district court generally has a constitutional right to proceed before an Article III judge, the right may be waived, and

---

[1] This construction follows language in Plaintiff's April 22, 2016, motion, wherein he claims that he is seeking review by the "District Referring Judge" of the magistrate judge's orders. (ECF No. 79.)

thus a party may consent to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in a case. Dixon v. Ylst, 990 F.2d 478, 479-80 (9th Cir. 1993); Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984) (en banc), cert. den. 469 U.S. 824 (1984). Once a civil case is referred to a Magistrate Judge under section 636(c) pursuant to the consent of the party, the reference can be vacated by the Court only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party...." 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3); Dixon v. Ylst, 990 F.2d at 480. There is no absolute right to withdraw consent to proceedings before a Magistrate Judge. Id. It is correct not to vacate a reference where a party has consented in a signed writing to Magistrate Judge jurisdiction, the party fails to make a motion to vacate the reference that is supported by a showing of extraordinary circumstances, and the Court does not sua sponte find good cause for withdrawal of consent. Id.

Here, Plaintiff consented to the jurisdiction of the magistrate judge on August 5, 2013. (ECF No. 5.) Following the Defendant's consent on June 3, 2015 (ECF No. 39), this matter now proceeds before the undersigned for all purposes. As noted supra, Plaintiff takes issue with the Court's rulings on his motions. Plaintiff, however, does not set out extraordinary circumstances warranting a revocation of his consent since a party's disagreement with a reasonable court ruling constitutes neither good cause nor extraordinary circumstance for withdrawing consent to the jurisdiction of the magistrate judge. See Liteky v. United States, 510 U.S. 540, 555-556 (1994).

Accordingly, these motions will be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's April 7, 2016, motion to compel (ECF No. 70) is DENIED;

2. Plaintiff's April 7, 2016, "motion of discretion and appeal/objections" (ECF No. 72) is DENIED; and

3. Plaintiff's April 22, 2016, "motion for judge to hear cause and effect with a liberal view on motions and papers" (ECF No. 79) is DENIED.

IT IS SO ORDERED.

Dated:   May 20, 2016                         /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE